

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00053-CR

Robert **GARCIA**, Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CR13227
Honorable Frank J. Castro, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:        Rebeca C. Martinez, Justice
              Patricia O. Alvarez, Justice
              Luz Elena D. Chapa, Justice

Delivered and Filed: January 22, 2020

AFFIRMED

Appellant Robert Garcia, Jr. appeals his conviction of burglary of a habitation. In his sole issue on appeal, Garcia contends the trial court erred in admitting his recorded statement in violation of article 38.22 of the Texas Code of Criminal Procedure. We overrule Garcia's sole issue on appeal and, consequently, affirm the trial court's judgment.

## BACKGROUND

On September 7, 2017, Garcia was arrested for the suspected burglary of Josephine Duckett's residence. Several items had been stolen from Duckett's residence including a wooden

box which held Duckett's deceased husband's ashes. While in custody at police headquarters, Detective Robert Cavazos of the San Antonio Police Department interviewed Garcia. The interview was video recorded. In the video recording, Garcia confessed to the burglary of Duckett's residence. Garcia was indicted on the offense of burglary of a habitation. The indictment also included a repeat offender enhancement.

Garcia's recorded statement was admitted at trial. Following a trial by jury, Garcia was found guilty of burglary of a habitation. The trial court sentenced Garcia to confinement for seventy-five years. Garcia now appeals, arguing in a single issue that the trial court erred by admitting his recorded statement in violation of article 38.22 of the Texas Code of Criminal Procedure.

### STANDARD OF REVIEW AND APPLICABLE LAW

A trial court's ruling on the admissibility of evidence is reviewed under an abuse-of-discretion standard. *Cameron v. State*, 988 S.W.2d 835, 844 (Tex. App.—San Antonio 1999, pet. ref'd) (citing *Montgomery v. State*, 810 S.W.2d 372, 392 (Tex. Crim. App. 1990) (op. on reh'g)). A trial court abuses its discretion when it acts arbitrarily, unreasonably, or without reference to guiding rules and principles. *Id.*

Section 3(a) of article 38.22 of the Texas Code of Criminal Procedure provides specific rules that govern the admissibility of an accused's oral statements that are the product of custodial interrogation. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22, § 3(a). An oral statement made as a result of custodial interrogation is inadmissible against the accused unless: (1) the statement was recorded electronically; (2) during the recording, but prior to the accused's statement, the accused was given the warnings enumerated under article 38.22, section 2(a) and "the accused knowingly, intelligently, and voluntarily waive[d] any rights set out in the warning[s]; (3) the recording device was capable of making an accurate recording, the operator was competent, and the recording is

accurate and has not been altered; (4) all voices on the recording are identified;" and (5) the accused's attorney was provided with an accurate copy of the recording. *Id.* All portions of section 3(a) must be strictly complied with. *Woods v. State*, 152 S.W.3d 105, 116 (Tex. Crim. App. 2004).

Garcia contends section 3(a) of article 38.22 was not strictly complied with because Detective Cavazos failed to testify that the recording device was capable of making an accurate recording, that the operator was competent, and that the recording was accurate and had not been altered. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22, § 3(a)(3). Garcia contends Detective Cavazos also failed to identify all the voices on the recording. *See id.* § 3(a)(4).

### PRESERVATION OF ERROR

As a prerequisite to presenting a complaint for appellate review, the record must show the complaint was made to the trial court by timely objection. TEX. R. APP. P. 33.1(a)(1). If the complaint presented on appeal does not comport with the objection made at trial, the complaint is forfeited, and nothing is preserved for our review. *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012).

At trial, Garcia's counsel objected to the admissibility of a portion of Garcia's recorded statement on the basis that "there's one mention of Mr. Garcia trying to ingest the ashes from the box, and that has nothing to do with the burglary. And it's our position that the introduction of it is to evoke sympathy from the jury and we'd ask to take that one snippet out about him ingesting the ashes." The trial court overruled that objection. As Detective Cavazos was testifying to Garcia's recorded statement, the State asked Detective Cavazos if there was any reason to doubt that Garcia's recorded confession was legitimate. Garcia's counsel made an objection on the basis of speculation, which the trial court overruled. Garcia's counsel made no further objections during Detective Cavazos's testimony.

Nowhere in the record does it show that Garcia's counsel objected to the admissibility of Garcia's recorded statement on the basis that the recording device was incapable of making an accurate recording, that the operator was incompetent, or that the recording was inaccurate and had been altered. *See Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) (stating that in order for the objecting party to preserve error, the objecting party must specifically "let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it"). Nor did Garcia's counsel object to the admissibility of Garcia's recorded statement on the basis that the voices on the recording had not been identified. Because Garcia's complaint on appeal does not comport with the objections Garcia's counsel made at trial, Garcia has forfeited his sole complaint on appeal. *See Clark v. State*, 365 S.W.3d at 339. Thus, any alleged error in the admissibility of Garcia's recorded statement on the basis of section 3(a) of article 38.22 of the Texas Code of Criminal Procedure is not preserved for our review. *See Parker v. State*, No. 02–12–00348–CR, 2013 WL 2248254, at *2 (Tex. App.—Fort Worth May 23, 2013, pet. ref'd) (mem. op., not designated for publication) (holding the appellant failed to preserve error when appellant's trial counsel failed to make a specific objection on the basis that the voices on the recording had not been identified). Accordingly, Garcia's sole issue on appeal is overruled.

## CONCLUSION

Having overruled Garcia's sole issue on appeal, we affirm the trial court's judgment.

Rebeca C. Martinez, Justice

DO NOT PUBLISH